95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emiliana VARELAS, Defendant-Appellant.
 No. 95-50493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 23, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emiliana Varelas appeals her 188-month sentence following her conviction for distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Varelas contends that the district court erred by denying her a four-level adjustment for being a minimal participant under U.S.S.G. § 3B1.2(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Whether a defendant is a minor or minimal participant is a factual determination this court reviews for clear error. United States v. Madera-Gallegos, 945 F.2d 264, 268-69 (9th Cir.1991). The defendant has the burden of proving by a preponderance of the evidence that she is entitled to a minimal role reduction. United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995). The minimal participant adjustment is "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment. (n. 1). A downward adjustment for a minimal participant should be used infrequently. U.S.S.G. § 3B1.2, comment. (n. 2).
 
 
 4
 Here, the district court reduced Varelas's offense level by two levels for being a minor participant but refused to grant her a further role reduction for being a minimal participant. The court determined that although Varelas was less culpable than her husband, she played an important and integral role in the commission of the crime.
 
 
 5
 The record supports the district court's decision. See Davis, 36 F.3d at 1436; Madera-Gallegos, 945 F.2d at 268-69. Although Varelas's husband, Salazar, appeared to be the primary organizer of the methamphetamine sale, Varelas has not shown that she was "plainly among the least culpable" of the two defendants. See U.S.S.G. § 3B1.2, comment. (n. 1). Varelas had several conversations with the confidential informant (CI) in which she referred to methamphetamine using the same code language as Salazar. In addition, agents saw Varelas load the box containing the methamphetamine into the car prior to its delivery to the CI. Furthermore, Varelas told the CI that the methamphetamine was in the trunk of the car and directed him to the car keys. Accordingly, the district court's refusal to grant Varelas a further role reduction was not clearly erroneous. See Davis, 36 F.3d at 1436-37; Madera-Gallegos, 945 F.2d at 268-69.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the same reasons, Varelas has not shown that she was entitled to a three-level reduction for her mitigating role. See U.S.S.G. § 3B1.2, comment. (backg'd); Davis, 36 F.3d at 1436-37